UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                                                 :

UNITED STATES OF AMERICA       :    Case No. 3:00CR00263(JCH)
                                                                 :

v.                                                            :

LESLIE WAYNE CARLOS            :    June 18, 2008
                                                                 :
---------------------------------------------------------x

## MOTION TO AMEND JUDGMENT

The defendant, Leslie Wayne Carlos, hereby respectfully requests that the Court enter an amended judgment in his case pursuant to 18 U.S.C. § 3582(c)(2), reducing his sentence of incarceration from 102 months to 82 months.

The United States Sentencing Commission has amended the drug quantity table set forth in U.S.S.G. § 2D1.1 to reduce the base offense level for offenses involving crack cocaine, and has made the amendment retroactive. <u>See</u> U.S.S.G., App. C, Amdt. 706 (2007).  The defendant entered a guilty plea to an offense involving 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841, and this Court sentenced Mr. Carlos principally to a term of 102 months of imprisonment and five years of supervised release.[1]  **That sentence was based on § 2D1.1 and should therefore be reduced in accordance with Amendment 706 to the Guidelines.**

## ARGUMENT

The PSR prepared in connection with Mr. Carlos's original sentencing found that the base offense level applicable to his offense – because it involved 5 or more grams of crack cocaine – was 26.  PSR ¶ 39.  However, at the time of sentencing, the Court determined that the

---

[1] The Court also sentenced Mr. Carlos at the same time to a term of 18 months of incarceration on a violation of supervised release in case 3:00CR00212(JCH).

defendant was actually responsible for 35 to 50 grams of crack cocaine, and accordingly, "under 2D1.1(c)(1)," that the base offense level applicable to the offense was 30. See Sentencing Transcript at 62-63 (June 3, 2002) (hereafter, "6/3/2002 Tr."). Subtracting three levels for acceptance of responsibility, the adjusted offense level for this amount of crack was 27. See id. at 63. The PSR recommended an increase in the offense level under § 4B1.1 because the defendant had previously sustained two felony convictions for controlled substance offenses, PSR ¶ 44, and a decrease under § 3E1.1 for acceptance of responsibility. PSR ¶ 45. The PSR found that the final adjusted offense level should be 31. PSR ¶ 46.

The PSR also found that Mr. Carlos had a total of three prior convictions, and a total of six criminal history points, putting him in Criminal History Category III. PSR ¶ 51. The Court agreed with this criminal history calculation. See 6/3/2002 Tr. at 63. The PSR recommended an increase to CHC VI under § 4B1.1. PSR ¶ 51. As a result of these calculations, the PSR recommended a guidelines range of 188 to 235 months of incarceration. PSR ¶ 82.

At sentencing, the Court granted a downward departure under § 4A1.3 to offense level 27 and CHC III – **the offense level and CHC applicable to the defendant without regard to the career offender provision.** See Statement of Reasons at 2. The Court's reason for this departure was set forth in the written Statement of Reasons as follows:

> The Court finds that the effect of the career offender status over-represents the defendant's prior record and departs to a level 27, Criminal History Category III, because there is not an appropriate relationship between the sentence in the criminal offense or the sentences . . . imposed in the two prior convictions. The court believes that the criminal sentence in the instant offense is well out of proportion to the sentence imposed in the prior state offenses and, well in excess of what is necessary for appropriate punishment.

Id. The Court explained its reasoning at the hearing in great detail, and allowed the Government an opportunity to present an argument in favor of a sentence within the career offender guideline

range. The Court concluded, after much discussion, "that there is not an appropriate relationship between the sentence for the current offense and the sentences, particularly the time served, for the prior offenses." 6/3/2002 Tr. at 70. After considering all of the available information, the Court determined that "the sentence that the Court is now faced with under the current guidelines, it strikes me, is well out of proportion to the one sentence this defendant served." Id. at 71. The Court continued:

> But for the career offender determination, which I don't think anybody contests is appropriate but nonetheless, the effect of that determination, the defendant would have been at level 27, I believe, and criminal history category III, in order I think to satisfy the Second Circuit's prescriptions, the Court needs to look, however, at the criminal history categories across, going from VI and as I look at those at level 31, I'm still at a sentence that's in excess of ten years, which is . . . more than four times, the prior sentence, seems to this Court to be disproportionate in terms of deterrence and punishment.
>
> Therefore, I think it's appropriate to move back to the criminal history category of III, which this defendant would have been in but for the career offender.
>
> The Court also determines to depart on the offense [level], because the Court determines that **the appropriate guideline range is the range in which this defendant would have fallen but for the career offender determination**, which is level 27 and category III of 87 to 108 months, and that is the Court's determination in that respect.

Id. at 72 (emphasis added). The Court imposed a term of imprisonment within this range of 102 months, which is equal to approximately 117% of the bottom of the range.

The base offense level applicable to offenses involving 35 to 50 grams of crack has now been lowered by two levels from 30 to 28. Subtracting three levels for acceptance of responsibility, the new adjusted offense level is 25, and the new Guidelines range, at CHC III, is 70 to 87 months. The Court should impose a new sentence proportional to the sentence previously imposed, that is, 117% of the bottom of this new range, which would be 82 months.

The Court may modify a defendant's term of imprisonment when the United States

Sentencing Commission makes an amendment to the Guidelines retroactive and the guideline that was amended was part of the basis of the defendant's guideline range:

> The court may not modify a term of imprisonment once it has been imposed except that —
>
> . . . .
>
> (2)  in the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered by the Sentencing Commission</u> . . . upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

Amendment 706 took effect on November 1, 2007. See U.S.S.G., App. C, Amdt. 706 (2007). On December 7, 2007, the Sentencing Commission made Amendment 706 retroactive. See U.S.S.G. § 1B1.10 (Supp. Mar. 3, 2008). The defendant was sentenced prior to the enactment of the amendment, and the Court now has the authority to review and reduce the defendant's sentence, taking into account the factors set forth in 18 U.S.C. § 3553(a).

Section 3582(c)(2) requires only that a defendant's guideline range have been "based on" a guideline provision that was retroactively amended. See 18 U.S.C. § 3582(c)(2). The Government contends that Mr. Carlos's sentence was "not based on the guidelines section retroactively altered by Amendment 706" because the defendant was eligible for an increase in his sentence as a career offender, and thus, his sentence must have been "based on" § 4B1.1. Gov't Memo at 7. The Government's position ignores the fact that the Court, in sentencing Mr. Carlos, actually **set aside the career offender guideline** and chose **instead** to sentence him to the sentence that would have applied without consideration of the career offender provision. **The Court specifically stated that the offense level of 27 that was applied to the defendant was determined "under 2D1.1(c)(1)."** See 6/3/2002 Tr. at 62-63. Because Mr. Carlos was

sentenced to 102 months "based on" the crack guidelines in effect at the time of his original sentencing, he is eligible for a reduction in his sentence.

Chief Judge Chatigny recently ruled in a virtually identical case that a defendant who receives a downward departure from the career offender guideline based on a finding that the defendant's criminal history is overstated is eligible for a reduction under the crack amendment. In granting the two-level reduction, Judge Chatigny ruled as follows:

> Defendant correctly argues that he qualifies for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) because he was sentenced based on a range that has been lowered by Amended 706 of the Sentencing Guidelines. Though the defendant was subject to sentencing as a career offender, the Court found that the career offender guideline significantly overstated the seriousness of his criminal history and likelihood of reoffense and therefore departed downward from offense level 34 and criminal history category VI to offense level 31 and criminal history category IV.

United States v. Darrell Harris, 3:97CR00171(RNC), Doc. # 40, May 12, 2008. Judge Chatigny then proceeded to reduce the defendant's offense level by two levels, from 31 to 29, and to impose a sentence within the new guidelines range at the same point within that range as he had selected at the time of the original sentencing.

The District of Minnesota reached the same conclusion in United States v. Nigatu, holding that because the Court had departed downward under § 4A1.3 and thereby set aside the career offender guideline, "the Court could not have imposed Nigatu's sentence based on the career offender table in USSG § 4B1.1." Id., 2008 WL 926561 at *1 (D. Minn. April 7, 2008) (emphasis added). Instead, the Court found, "the record reflects that the 2-level decrease in Amendment 706 applies" because Nigatu had been sentenced to a term of imprisonment based on § 2D1.1, and thus on a sentencing range that was subsequently lowered.

The Eastern District of Pennsylvania has also granted a reduction in another virtually identical case. See United States v. Poindexter, -- F. Supp. 2d --, 2008 WL 1946821 (E.D. Pa.

May 2, 2008). There, the Court explained the situation as follows:

> Upon motion, we may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This case requires us to examine closely the meaning of "based on" in this context. Poindexter seeks a reduction in accordance with Amendment 706 to the Sentencing Guidelines, which recently altered the drug quantity table in U.S.S.G. § 2D1.1(c). Poindexter argues that his sentence is "based on" Section 2D1.1 because Judge Waldman calculated his offense level as 27, the level that was appropriate pursuant to that guideline. The Government responds that Poindexter's sentence was "based on" the career offender guideline even though Judge Waldman later decided to depart downward and reduce Poindexter's effective offense level.
> . . .
> But . . . Judge Waldman did not sentence Poindexter under the career offender guideline. Rather, he determined that the career offender designation "overrepresents the total offense level in this case." Judgment and Commitment Order at 8 (Jan. 24, 2001). Because of that finding, and citing to Shoupe, Judge Waldman reduced Poindexter's offense level to that which he would have faced absent the career offender designation. This was in keeping with the sentencing policy statement that was in effect at the time of Poindexter's sentencing, which advised courts considering a departure that "the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category." U.S.S.G. § 4A1.3 (policy statement) (2000).
> . . .
> There can be no doubt that Section 2D1.1 "play[ed] a role" in Poindexter's guideline calculation. Indeed, in the end, it played a far more significant role than Section 4B1.1, the section that the Government argues Poindexter's sentence was based on. Further, if we ask what was "the range under which defendant was actually sentenced," we must conclude that Section 2D1.1 governed Poindexter's sentence. The record that is available to us provides no basis for concluding that Judge Waldman's selection of offense level 27 had any basis other than U.S.S.G. § 2D1.1, the section that U.S.S.G. § 4A1.3 specifically directs the sentencing judge to reference in this situation.
> . . .
> Because Poindexter's sentence is "based on" a guideline that has been revised, we have discretion to reduce his sentence under 18 U.S.C. 3582(c)(2). We will exercise that discretion and modify his sentencing range based on the newly-effective version of the drug quantity table in U.S.S.G. § 2D1.1(c).

Poindexter, 2008 WL 1946821 at *1-*3 (footnotes omitted).

The same reasoning that was set forth in Harris, Nigatu and Poindexter applies here.

**Because this Court found that application of the career offender guideline to Mr. Carlos**

**would improperly overstate his criminal history, the Court did not impose its sentence based on the career offender guideline.** Instead, the Court selected an offense level of 27, a level which was based on § 2D1.1. That offense level has now been lowered and, accordingly, Mr. Carlos is now eligible for a reduction in his sentence.

## CONCLUSION

Mr. Carlos respectfully requests that this Court reduce his sentence of incarceration from 102 to 82 months. The guidelines range on which Mr. Carlos's sentence was based has been reduced by Amendment 706 from 87-108 months to 70-87 months. The Court found that a sentence amounting to 117% of the bottom of the Guidelines range was appropriate at the original sentencing, and nothing has changed to make that any less appropriate today. Accordingly, this Court should exercise its discretion under U.S.S.G. § 1B1.10, 18 U.S.C. § 3582(c), and § 3553(a) and reduce the defendant's sentence from 102 months to 82 months. That sentence is sufficient but not greater than necessary to fulfill the purposes of sentencing.

Respectfully submitted,

The Defendant,
Leslie Wayne Carlos

Thomas G. Dennis
Federal Defender

Dated: June 18, 2008

_____/s/_____
Sarah A. L. Merriam
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT  06510
Bar No. ct25379
Phone: 203-498-4200
Fax: 203-498-4207
Email: sarah_merriam@fd.org

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 18, 2008, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                      /s/
                                          Sarah A. L. Merriam