UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------x
:
UNITED STATES OF AMERICA         :    Case No. 3:00CR00263(JCH)
:
v.                               :
:
LESLIE WAYNE CARLOS              :    August 1, 2008
:
-------------------------------------------------------x

## REPLY BRIEF IN FURTHER SUPPORT OF
## MOTION TO AMEND JUDGMENT

The defendant, Leslie Wayne Carlos, hereby respectfully submits this memorandum in reply to the Government's memorandum dated July 21, 2008, and in further support of his motion for a reduction in his sentence of incarceration from 102 months to 82 months.

The Government contends that because the defendant's criminal record required this Court, under the then-mandatory Guidelines system, to find that the defendant was a "career offender," the defendant is per se barred from relief under the recent amendments to the § 2D1.1 guidelines governing crack cocaine offenses. The Government offers two principal arguments in support of this contention.

First, the Government contends that because the Court previously denied a reduction to another defendant, in another case, Mr. Carlos must likewise be denied any reduction. See Gov't Memo at 2, 13. Setting aside the facts that every defendant is different, and that the decision is unpublished and non-binding, this argument is flawed for another reason. When the Court ruled on the case emphasized by the Government, it did not have the benefit of briefing on the relevance of a § 4A1.3 departure on this issue. The 3-page motion submitted by the defendant in

that case included no argument as to why the amendments should apply to the defendant. See United States v. McGee, 3:01CR00219(JCH), Doc. # 56. That motion was filed just two days after the amendment took effect. It consisted of 8 paragraphs, and did not cite a single case. That defendant's failure to present an argument to this Court does not bar Mr. Carlos from presenting one. The McGee case is completely irrelevant.

Second, the Government contends that Mr. Carlos is ineligible for any reduction because one of the findings made by the Court in the process of determining his sentence was that he qualified as a career offender. The Government contends that the only relevant Guidelines range in this case is the range dictated by § 4B1.1. But the Government's own memorandum belies this claim. As the Government states, at sentencing, the Court granted a downward departure "finding that the otherwise applicable career offender guideline range overstated the defendant's criminal history." Gov't Memo at 6. Rather than imposing the career offender guideline range, the Court sentenced Mr. Carlos at guideline range dictated by "the offense level and criminal history category that would have otherwise been applicable to the defendant[.]" Id. Thus, as the Government, acknowledges, the Guideline provision that was applied to Mr. Carlos – the one that was applicable to the defendant once his career offender status was set aside, as the Court found it should be – was that found in § 2D1.1.

In short, the Government claims that the guideline range that was actually applied is not the "applicable guideline range." When interpreting a law, a court begins with the plain meaning of the words used, and may refer to dictionary definitions for support. See, e.g., Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 31-32 (2004) (quoting dictionary definition to find plain meaning of term); Amer. Textile Mfrs. Inst., Inc. v. Donovan, 452 U.S. 490, 508 (1981) (same).

There is no definition of the phrase "applicable guideline range" provided by the relevant statutes. "We therefore consider the ordinary, common-sense meaning of the words." United States v. Dauray, 215 F.3d 257, 260 (2d Cir. 2000). "Applicable" means "capable of or suitable for being applied; appropriate." Merriam-Webster Online Dictionary, 2008.[1] **The plain, common sense meaning of the phrase "applicable guideline range" is a guideline range that is capable of being applied.** In this case, the applicable guideline range is the range that was applied, and that range was based on § 2D1.1 of the Guidelines Manual.[2]

The Government claims that treating departures within the Guidelines as part and parcel of the process of arriving at the "applicable guideline range" is somehow "at odds with the traditional application of the guidelines." Gov't Memo at 14. In fact, it is the only approach that makes sense in light of the structure of the Guidelines. The Guidelines Manual includes eight chapters. The chapters of the Guidelines Manual are to be applied in order, starting with Chapter 1 and ending with Chapter 5. See U.S.S.G. § 1B1.1 (Nov. 2007). In this case, the PSR cited and relied upon § 2D1.1, § 3E1.1, § 4A1.1, § 4A1.2, § 4A1.3, § 4B1.1, § 5D1.2, § 5E1.2 and § 5F1.6 in making its recommendation for sentence. How can it be that only one of those provisions –

---

[1] Available online at www.merriam-webster.com/dictionary/applicable.

[2] To the extent there is a dispute as to the meaning of the phrase "applicable guideline range," the rule of lenity applies. "The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." United States v. Santos, 128 S. Ct. 2020, 2025 (2008). This rule applies to questions of sentencing as well as questions of substantive law. See, e.g., Hughey v. United States, 495 U.S. 411, 422 (1990); Simpson v. United States, 435 U.S. 6, 14-15(1978). Indeed, "the rule of lenity is generally applicable to the Sentencing Guidelines[.]" United States v. Simpson, 319 F.3d 81, 87 (2d Cir. 2002). Chief Judge Chatigny and several other judges have found that a defendant in the position of Mr. Carlos is eligible for a reduction in sentence under the 2007 amendments. The Government disputes that conclusion. But that dispute must be resolved in favor of the defendant.

§ 4B1.1 – should actually be relevant in the current context?

Under the Government's reading, only a defendant whose sentence was based **entirely and solely** on the amended provisions of § 2D1.1 is eligible for resentencing. That reading flies in the face of the Supreme Court's acknowledgment that a sentence under the Guidelines regime is not "based on" just one factor or provision. To the contrary, "district court judges determine sentences based on the various offense-related and offender-related factors identified by the Guidelines of the United States Sentencing Commission." Burns v. United States, 501 U.S. 129, 133 (1991) (emphasis added).

In fact, both the § 4A1.3 departure for overstatement of criminal history and the § 4B1.1 enhancement for career offender status are treated by the Guidelines as replacements for an otherwise applicable guideline range. See, e.g., U.S.S.G. § 4A1.3 (allowing the Court to depart "from the otherwise applicable guideline range"); United States v. Sherpa, 265 F.3d 144, 148 (2d Cir. 2001) (discussing "a downward departure below the otherwise applicable Guidelines" under § 4A1.3); U.S.S.G. § 4B1.1(c)(2)(A) (referring to the "otherwise applicable guideline range"); U.S.S.G. § 4B1.1(b) (providing that the career offender provisions apply only when the § 4B1.1 offense level exceeds "the offense level otherwise applicable"); Damerville v. United States, 197 F.3d 287, 288 (7th Cir. 1999) (noting that "application of § 4B1.1 increased Damerville's sentencing range from 10 to 16 months under the otherwise-applicable guidelines, to 77 to 96 months under the career offender guideline").

A Tenth Circuit opinion regarding a departure under § 4A1.3 is instructive in thinking about the various "applicable guideline ranges" in a career offender case:

Here, the district court was explicit in its method of departure; it applied a sentence

>within the range <u>that would have applied</u> without the career offender enhancement. The court did so because it found that under the facts of this case, the career offender enhancement significantly overstated Collins's criminal past and likely criminal future and that a sentence within <u>the range applicable without the career offender enhancement</u> adequately reflected Collins's situation. We have previously held that a one-step departure out of the career offender category and <u>application of a sentence within the otherwise applicable range</u> is a reasonable means of departure.

<u>United States v. Collins</u>, 122 F.3d 1297, 1309 (10th Cir. 1997) (superseded on other grounds) (internal citation omitted; all emphases added).

The language of the Guidelines itself thus makes plain that **in any given case there can be more than one "applicable guideline range."** In order to sentence the defendant to <u>either</u> the career offender range of 188 to 235 months or the § 2D1.1 range of 87 to 108 months, the Court had to set aside an "otherwise applicable guideline range." To apply the career offender guideline, the Court would have to set aside the "otherwise applicable guideline range" suggested by § 2D1.1. To properly account for the fact that the defendant's criminal history was overstated by application of the career offender guideline, the Court would have to set aside the "otherwise applicable guideline range" suggested by § 4B1.1.

The <u>final</u> range arrived at after consideration of all provisions of the Guidelines Manual was 87 to 108 months and that was the range that was <u>applied</u>. **That range – found by this Court to be the <u>applicable</u> guideline range – was reached by <u>applying</u> the offense level set forth in § 2D1.1.**[3] That range has now been lowered. Mr. Carlos is eligible to be resentenced to a term of imprisonment within the new applicable guideline range of 70 to 87 months.

---

[3] The Guidelines were mandatory at the time of Mr. Carlos' original sentencing. Had the Government believed that the sentence imposed was not within the "applicable guideline range" and was therefore unlawful or improper, the Government retained the right to appeal that sentence. <u>See</u> Plea Agreement ¶ 4. The Government chose not to do so.

Respectfully submitted,

The Defendant,
Leslie Wayne Carlos

Thomas G. Dennis
Federal Defender

Dated: August 1, 2008

_____/s/_____
Sarah A. L. Merriam
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT   06510
Bar No. ct25379
Phone: 203-498-4200
Fax: 203-498-4207
Email: sarah_merriam@fd.org

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on August 1, 2008, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
Sarah A. L. Merriam